# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN VERNARD, DESIREE VERNARD, DESTINY VERNARD, CHRISTIAN MAY, CASSIDY MAY, and GABRIELLE VERNARD WADE,<br><br>    Defendants. | No. C24-3008-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

## I.  INTRODUCTION

This interpleader action is before me on a motion (Doc. 18) by plaintiff Banner Life Insurance Company (Banner) for final judgment in interpleader and to recover attorney fees and costs. The motion is unresisted.

## II.  FACTUAL BACKGROUND[1]

Peggy Sue Godfirnon[2] purchased a life insurance policy (the Policy) from Banner in 2008. Doc. 19-1. Godfirnon's last beneficiary designation before her death identified her children, Justin Vernard, Desiree Vernard, Christian May (Christian), Cassidy May

---

[1] These facts are taken from Banner's complaint (Doc. 1) and motion (Doc. 18) for final judgment in interpleader and its attached exhibits (Docs. 19-1, 19-2). The defendants have not objected to any facts asserted in Banner's filings.

[2] At the time Godfirnon purchased the Policy, her name was Penny Sue May. She later married Joseph S. Goodman and changed her name to Penny Sue Godfirnon.

and Gabrielle Vernard Wade, as the Policy's primary beneficiaries, with each entitled to 16.7% of the Policy's proceeds, except Gabrielle Venard Wade who would get 16.5%. Godfirnon died on June 20, 2020. Banner alleges that Christian has admitted to killing her. The other defendants have been paid a defined portion of the Policy's proceeds, however Christian has not been paid. The other defendants are competing claimants to the Policy's proceeds or could potentially have a claim to it.

On June 21, 2020, Christian was charged with First Degree Murder in Godfirnon's death. *State v. May,* Taylor County Case No. FECR005079. On July 18, 2023, he pleaded guilty in the death of Godfirnon to charges of Attempt to Commit Murder and Willful Injury Causing Serious Injury. He is currently incarcerated at the Iowa Medical and Classification Center in Coralville, Iowa. According to Banner, Christian has admitted to causing Godfirnon's death by stabbing her repeatedly. Iowa law bars the payment of death benefits to Christian if he "intentionally and unjustifiably procure[d] or cause[d]" Godfirnon's death. Iowa Code § 633.535(3). In that case, the benefits that would have been paid to Christian would be distributed as though he predeceased Godfirnon. § 633.535 provides in relevant part:

> A named beneficiary of a … life insurance policy, or life insurance contract who intentionally and unjustifiably causes or procures the death of the … person upon whose life the policy is issued or whose death generates the benefits under the … contract is not entitled to any benefit under the … policy, or contract, and the benefits become payable as though the person causing death had predeceased the decedent.

*Id*.

Christian has maintained that he is entitled to a portion of the Policy's proceeds. As such, Banner is unable to distribute the Policy's remaining death benefits absent a judicial determination as to whether Iowa Code § 633.535(3), or any other statute or legal theory, bars Christian from receiving those benefits. Iowa Code § 633.536 provides "[a] person convicted of murder or voluntary manslaughter of the decedent is conclusively presumed to have intentionally and unjustifiably caused the death for purposes of this section and section 633.535." Iowa Code § 633.536. However, Christian was not

convicted of either murder or voluntary manslaughter, so he was not conclusively presumed to be excluded from receiving policy proceeds. Thus, Banner interpleaded the subject funds and a court's determination is required on the issue of whether he intentionally and unjustifiably caused Godfirnon's death.[3] If Christian is not entitled to the Policy's remaining death benefits, the other defendants may have a claim to those benefits. At least one other defendant, Cassidy May, has requested claim forms related to Christian's portion of the Policy and each defendant has admitted in their answers that they may have a claim to the remaining death benefits.

### III. PROCEDURAL BACKGROUND

On February 1, 2024, Banner filed a complaint (Doc. 1) for interpleader pursuant to 28 U.S.C. § 1335 and § 2361, naming Justin Vernard, Desiree Vernard, Destiny Vernard, Christian May, Cassidy May and Gabrielle Vernard Wade as defendants, to resolve competing claims for the remaining portion of the Policy. On the same day, 2024, Banner filed its motion (Doc. 2) for interpleader deposit, which I granted on February 2, 2024. Doc. 4. Banner then deposited the subject funds ($43,317.16) into the court's registry.

Each of the defendants was served with the complaint. All except Christian filed nearly identical answers. *See* Docs. 8-13. Each of the answering defendants affirmed that they may share in the remaining policy proceeds, that the court should rule as to whether Christian is ineligible to receive any proceeds because he killed Godfirnon, that Banner should be excused from the case and that they each consent to Banner's requested relief in the complaint except they reserve the right to object to the award of excessive fees. *See* Docs. 8-12.

---

[3] "A determination under section 633.535 may be made by any court of competent jurisdiction by a preponderance of the evidence separate and apart from any criminal proceeding arising from the death." Iowa Code § 633.536.

Christian was served with the complaint and his responsive pleading or motion was due May 6, 2024. Doc. 13. As of the date of this order, he has not responded to the complaint.

## IV. ANALYSIS

### A. *Is Banner's dismissal from the case appropriate?*

"Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund. The stakeholder is thereby freed from the threat of multiple liability and/or the vexation of multiple lawsuits." *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976) (citing 3A Moore's Federal Practice P 22.02(1) (1974)). Banner brings this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361. The federal interpleader statute provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
>> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the

4

> court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335. Jurisdiction is appropriate based on this statute as the amount at stake ($43,317.16) is over $500 and at least two of the parties are diverse (Doc. 2). Interpleader is also addressed by Federal Rule of Civil Procedure 22:

> (a) Grounds.
>
>> (1) *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>>
>>> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>>>
>>> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
>>
>> (2) *By a Defendant.* A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
>
> (b) Relation to Other Rules and Statutes. This rule supplements--and does not limit--the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to--and does not supersede or limit--the remedy

5

> provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

Fed. R. Civ. P. 22.

Interpleader actions typically proceed in two stages. *United States v. High Tech. Prod., Inc.,* 497 F.3d 637, 641 (6th Cir. 2007).

> During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*Id.* (internal citations omitted) (citing 7 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2001)).

> When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead; the court also may make any other order that is appropriate and convenient for the resolution of the competing claims. Moreover, the order may direct that the interpleader issues be framed by the claimants in their pleadings.

7 Wright, Miller, & Kane at § 1714 (internal footnotes omitted).

This interpleader action is in the first stage. I must therefore determine whether interpleader and dismissal of Banner are appropriate procedural steps. Banner argues that interpleader is appropriate because Christian could be disqualified under Iowa's slayer statute from receiving the Policy's remaining proceeds. Doc. 19 at 2-4. In that case, Christian's siblings, the other defendants, would receive the remaining proceeds. Iowa Code § 633.535. This uncertainty exposes Banner to potential lawsuits from Christian and the other defendants. Further, the answering defendants do not oppose Banner's request to be dismissed from this case and Christian has waived his opposition

by failing to timely respond. As such, I find that interpleader is appropriate. Banner has properly deposited the funds in this interpleader action with the court. Its role has thus ended and it is entitled to be dismissed from this case.

This interpleader action will proceed to the second stage and the case will continue between the defendants pursuant to the trial management order (Doc. 24). At this second stage, I will "determine[] the respective rights of [the defendants]" to the Policy's remaining proceeds "via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech. Prod., Inc.,* 497 F.3d at 641 (citing Wright, Miller, & Kane at § 1714). The defendants should use these normal litigation processes to put forth arguments and evidence as to whether Iowa's slayer statute precludes Christian from receiving the Policy's remaining proceeds. The remaining proceeds will be distributed at the conclusion of stage two of this interpleader action.

### B. *Attorney Fees and Costs*
#### 1. *Legal Standard*

Banner seeks to recover the attorney fees and costs incurred in bringing and maintaining this interpleader action. No rule or statute permits an interpleader plaintiff to recover its attorney fees. Normally, this lack of authorization would preclude such a recovery. *See, e.g., Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013) (describing the so-called "American Rule," pursuant to which each party bears its own attorney fees unless Congress has provided "explicit statutory authority for awarding fees to a prevailing party") (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001)). However, federal courts have traditionally relied on the equitable nature of the interpleader remedy to allow a "modest" award of attorney fees despite the lack of statutory authority. The Eighth Circuit Court of Appeals explained as follows, over 80 years ago:

> The remedy of interpleader should, of course, be a simple, speedy, efficient and economical remedy. Under ordinary circumstances there would be no

7

> justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel. The institution of a suit in interpleader, including the depositing of the fund in the registry of the court and the procuring of an order of discharge of the stakeholder from further liability, does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest.

*Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940); *accord The Equitable Life Assur. Soc'y of the United States v. Miller,* 229 F. Supp. 1018, 1020-21 (D. Minn. 1964) (acknowledging that attorney fees may be recovered but noting that the awards are "generally modest"). The Southern District of Iowa has held that an interpleader plaintiff's "[r]ecoverable expenses are properly limited to the attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit." *Van Dusseldorp v. Ho*, No. 4:13-cv-00171, 2014 WL 1047077, at *2 (S.D. Iowa Mar. 4, 2014).

Some federal courts have questioned whether attorney fees are appropriate when a stakeholder files an interpleader action to obtain the court's assistance concerning a decision arising in the normal course of business, or otherwise realizes benefits from the interpleader remedy. For example, in *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730 (W.D. Mich. 1990), the court stated:

> In addition to requesting a discharge from liability, Sun Life also seeks to recover the attorney's fees and costs it incurred in bringing this interpleader action. Attorney's fees and costs are to be awarded to an innocent and otherwise disinterested stakeholder who has been required to expend time and money to participate in a dispute not of his own making and the outcome of which has no impact upon him. *Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 830 (S.D.N.Y.1977) (citing cases). However, courts are reluctant to award fees in cases where the claims are of the type that arise in the ordinary course of the stakeholder's business. *Id.* (citing cases).
>
> Conflicting claims to benefits owed to beneficiaries under an employee welfare benefit plan, such as a group life insurance policy, are inevitable.

8

> These potential conflicts are part of the business risk assumed by one who provides such policies. Given that interpleader frees the stakeholder from the vexation of multiple suits and liability, an interpleader action brought by the provider of an employee welfare benefit plan or an insurance company is brought primarily in the company's own self-interest. *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 618–19 (N.D.Ill.1976). Since the initiation of this action is beneficial to Sun Life and in its own self-interest, the Court denies the request for attorney's fees and costs.

*Id.* at 733. Several other federal courts have reached similar conclusions. *See, e.g., In re Mandalay Shores Coop. Hous. Ass'n,* 21 F.3d 380, 383 (11th Cir. 1994) (recognizing a "normal course of business" exception to an award of attorney fees in an interpleader action); *Emcasco Ins. Co. v. Davis*, 753 F. Supp. 1458, 1464-65 (W.D. Ark. 1990); *Fidelity Bank v. Commonwealth Marine & Gen. Assur. Co.*, 592 F. Supp. 513, 525-26 (E.D. Pa. 1984).

These authorities call into question whether Banner should recover *any* of its attorney fees and case-related expenses. However, recognizing that the Eighth Circuit has stated a "stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him," *Hunter*, 111 F.2d at 557, I find that Banner is entitled to an award in some amount.

Finally, I note that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking the award must provide evidence to support the number of the hours worked and the rate claimed. *Hensley*, 461 U.S. at 433. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Dorr v. Weber*, 741 F. Supp. 2d 1022, 1032 (N.D. Iowa 2010) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002)).

9

*2. Discussion*

Banner seeks a reimbursement of a total amount of $10,408. Doc. 19 at 8. It states that this represents less than it has billed in this case so far, which exceeds $15,000. *Id.* at 7. The requested fees are based on an hourly billing rate of $310.00 for 31.3 hours of work by its counsel, Vittorio F. Terrizzi, an hourly billing rate of $120.00 for 2.5 hours of work by its paralegal, Amando Pina, Jr., and $405 in filing fees. Doc. 19 at 8; Doc. 19-2 at 2, 5-7. In support of its request, Banner has submitted a copy of its Fees and Costs Spreadsheet for this interpleader action. Doc. 19-2 at 5-7. Each answering defendant reserved the right to object to Banner receiving excessive attorney fees in their answers but they did not object to Banner's eventual attorney fee request. *See* Docs. 8-12.

I find the requested hourly rate of $310.00 for Banner's counsel and $120.00 for Banner's paralegal to be reasonable. Ten years ago, I found an hourly rate of $240.00 to be reasonable. *Hearing v. Minnesota Life Ins. Co.,* 33 F. Supp. 3d 1035, 1044 (N.D. Iowa 2014), aff'd, 793 F.3d 888 (8th Cir. 2015). According to the Bureau of Labor Statistics' Consumer Price Index Calculator, this represents an hourly rate of $316.25 in 2024. CPI Inflation Calculator, Bureau of Labor Statistics (last visited June 21, 2024), https://data.bls.gov/cgi-bin/cpicalc.pl?cost1=240&year1=201406&year2=202405. Further, these rates are lower than those approved by the Southern District of Iowa, $373.50 per hour, in a more-recent interpleader case. *De Lage Landen Fin. Services, Inc. v. Grant,* 22-cv-00110, 2022 WL 18780122, at *3 (S.D. Iowa Nov. 3, 2022). As such, I find the requested hourly rates for services performed by Banner's counsel and paralegal to be reasonable.

Banner's Fees and Costs Spreadsheet breaks down the hours expended into the following categories: preparing complaint, motion to deposit funds, service on defendants, scheduling order and motion for extension of time to file same and motion for final judgment in interpleader. Doc. 19-2 at 5-7. Each of these categories reasonably fit into "prepar[ing] the complaint, obtain[ing] service of process on the claimants to the

10

fund, and secur[ing] the plaintiff's discharge from liability and dismissal from the lawsuit." *Van Dusseldorp*, 2014 WL 1047077, at *2. I do not find the time expended in any of these categories to be exorbitant. I agree with Banner that this case presents complex circumstances necessitating more work than a usual interpleader action. None of the defendants in this case are represented by counsel and two are incarcerated, making communication with them difficult. Further, the facts in this case, such as investigating how Iowa's slayer statute applies to Christian's conduct, are complicated and would require significant work to prepare filings in support of dismissal from the action. Finally, each of the answering defendants reserved the right to object to an excessive fees request but none did so. *See* Docs. 8-12.

As such, I find that Banner is entitled to reimbursement for 31.3 hours of attorney time, at the rate of $310.00 per hour, and 2.5 hours of paralegal time, at the rate of $120.00 for a total attorney fee award of $10,003.00. I further find that Banner is entitled to recover the filing fee of $405.00. As such, I will award attorney fees and expenses to Banner in a total amount of $10,408.00.

## V. CONCLUSION

For the foregoing reasons, Banner's motion (Doc. 18) for final judgment in interpleader and to recover attorney fees and costs is **granted**, as follows:

1. From the funds previously deposited by plaintiff Banner Life Insurance Company, the Clerk of Court is directed to disburse $10,408.00, constituting attorney fees and expenses, to Banner. The remainder of the funds shall remain on deposit in the Court Registry pending the resolution of this case.

2. Banner is hereby **dismissed with prejudice** as a party to this interpleader action. The defendants are enjoined from commencing or proceeding any claim against Banner in any state or federal court with respect to the Policy's remaining proceeds.

3. The defendants are hereby directed to litigate their claims and contentions regarding the Policy's remaining proceeds pursuant to the Trial Management Order (Doc. 24).

**IT IS SO ORDERED** this 28th day of June, 2024.

_____
Leonard T. Strand
United States District Judge